Yu v. Holder

BIA
Weisel, IJ
A076 106 062
A076 106 063

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　RAYMOND J. LOHIER, JR.,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　　*Circuit Judges.*

_____

HONG YU, TIANYI YU,
　　　　*Petitioners*,

　　　v.　　　　　　　　　　　　　　11-5398
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent*.

_____

FOR PETITIONERS:　　　Thomas Edward Moseley, Newark, NJ.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Alison Marie Igoe, Senior Counsel, National Security Unit, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Hong Yu and Tianyi Yu, father and son and natives and citizens of China, seek review of a December 1, 2011, order of the BIA, affirming the July 1, 2011, decision of an Immigration Judge ("IJ"), which denied Petitioners' motion to reopen and rescind their *in absentia* removal orders. *In re Hong Yu, Tianyi Yu*, Nos. A076 106 062/063 (B.I.A. Dec. 1, 2011), *aff'g* Nos. A076 106 062/063 (Immig. Ct. N.Y. City July 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006))(quotation marks omitted). We review the denial of a motion to rescind an *in absentia* removal order under the abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

2

Petitioners did not contest that they had received proper notice of their hearing and, therefore, were required to show "'that [their] failure to appear was because of exceptional circumstances.'" *Alrefae*, 471 F.3d at 358 (quoting 8 U.S.C. § 1229a(b)(5)(C)). Exceptional circumstances are circumstances "beyond the control of the alien," such as the "serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not [] less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

Petitioners argue that they established exceptional circumstances for their failure to appear because the IJ abused his discretion in denying their unopposed motion for a continuance. However, even assuming that an improper denial of a continuance may constitute an exceptional circumstance for an alien's failure to appear, Petitioners' argument is predicated on a misstatement of the record. Indeed, the record is clear that the IJ did not deny Petitioners' motion to continue on the merits, but rather refused to consider the motion because it was filed late and in violation of the Immigration Court Practice Manual. Petitioners do not dispute that their counsel filed the

3

motion to continue only four days before the December 2010 master calender hearing, although the Immigration Court Practice Manual clearly provides that "filings must be submitted at least fifteen (15) days in advance of the [master calender] hearing if requesting a ruling at or prior to the hearing." Immigration Court Practice Manual, § 3.1(b)(i)(A). The Immigration Court Practice Manual also cautions that "[t]he untimely submission of a filing may have serious consequences" and that "[t]he Immigration Judge retains the authority to determine how to treat an untimely filing." *Id.* § 3.1(d)(ii). Because Petitioners do not allege any error in the IJ's refusal to consider their motion for failure to comply with the filing requirements of the Immigration Court Practice Manual, they have waived review of this determination, which forecloses their argument for exceptional circumstances based on the IJ's purported merits-based denial of their motion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not argued in briefs are deemed waived).

Lastly, we reject Petitioners' argument that their presence in Canada and inability to return to the United States constituted an exceptional circumstance for their

4

failure to appear. *See* 8 U.S.C. § 1229a(e)(1). Indeed, Petitioners do not dispute that they were sent hearing notices for the December 2010 master calender hearing in September 2010, but took no action to contact the Immigration Court to request a telephonic conference or a waiver of appearance. Nor do Petitioners argue that they took any action to attempt to legally return to the United States for their hearing. Accordingly, the agency properly determined that Petitioners' presence in Canada and inability to return to the United States did not constitute an exceptional circumstance for their failure to appear that was "*beyond [their] control.*" 8 U.S.C. § 1229a(e)(1) (emphasis added).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5